1

2

3

4

5

6

7            IN THE UNITED STATES DISTRICT COURT FOR THE

8                  EASTERN DISTRICT OF CALIFORNIA

9

10   JOSETTE JORDAN,                    )         1:02-cv-06128-AWI-DLB-P
                                        )
11             Plaintiff,               )
                                        )
12   vs.                                )         **FINDINGS AND RECOMMENDATIONS**
                                        )         **RE DISMISSAL OF ACTION**
13   AUGUSTINE C. MEKKAM, et al.,       )         (Doc. 23)
                                        )
14             Defendants.              )
     _____)

15

16       Plaintiff, Josette Jordan ("plaintiff"), is a state prisoner

17   proceeding pro se in this civil rights action pursuant to 42 U.S.C.

18   § 1983.

19       On May 2, 2006, the court issued an order requiring plaintiff

20   to complete and return the attached Notice of Submission of

21   Documents form, together with completed summons, one completed USM-

22   285 form for each defendant listed, and four copies of the endorsed

23   second amended complaint, filed June 5, 2003, within thirty (30)

24   days.  The thirty-day period has passed, and plaintiff has failed

25   to comply with or otherwise respond to the court's order.

26       Local Rule 11-110 provides that "failure of counsel or of a

27   party to comply with these Local Rules or with any order of the

28   Court may be grounds for the imposition by the Court of any and all

                                     1

1  sanctions . . . within the inherent power of the Court." District

2  courts have the inherent power to control their dockets and "in the

3  exercise of that power, they may impose sanctions including, where

4  appropriate . . . dismissal of a case."  Thompson v. Housing Auth.,

5  782 F.2d 829, 831 (9ᵗʰ Cir. 1986).  A court may dismiss an action,

6  with prejudice, based on a party's failure to prosecute an action,

7  failure to obey a court order, or failure to comply with local

8  rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9ᵗʰ Cir.

9  1995)(dismissal for noncompliance with local rule); Ferdik v.

10  Bonzelet, 963 F.2d 1258, 1260-61 (9ᵗʰ Cir. 1992) (dismissal for

11  failure to comply with an order requiring amendment of complaint);

12  Carey v. King, 856 F.2d 1439, 1440-41 (9ᵗʰ Cir. 1988)(dismissal for

13  failure to comply with local rule requiring pro se plaintiffs to

14  keep court apprised of address); Malone v. U.S. Postal Service, 833

15  F.2d 128, 130 (9ᵗʰ Cir. 1987)(dismissal for failure to comply with

16  court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.

17  1986)(dismissal for failure to lack of prosecution and failure to

18  comply with local rules).

19      In determining whether to dismiss an action for lack of

20  prosecution, failure to obey a court order, or failure to comply

21  with local rules, the court must consider several factors: (1) the

22  public's interest in expeditious resolution of litigation; (2) the

23  court's need to manage its docket; (3) the risk of prejudice to the

24  defendants; (4) the public policy favoring disposition of cases on

25  their merits; and, (5) the availability of less drastic

26  alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

27  1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;

28  Ghazali, 46 F.3d at 53.

1       In the instant case, the court finds that the public's

2   interest in expeditiously resolving this litigation and the court's

3   interest in managing the docket weigh in favor of dismissal.  The

4   third factor, risk of prejudice to defendants, also weighs in favor

5   of dismissal, since a presumption of injury arises from the

6   occurrence of unreasonable delay in prosecuting an action.

7   Anderson v. Air West, 542 F.2d 522, 524 (9ᵗʰ Cir. 1976).  The fourth

8   factor -- public policy favoring disposition of cases on their

9   merits -- is greatly outweighed by the factors in favor of

10  dismissal discussed herein.  Finally, a court's warning to a party

11  that her failure to obey the court's order will result in dismissal

12  satisfies the "consideration of alternatives" requirement.  Ferdik

13  v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,

14  779 F.2d at 1424.  The court's order of May 2, 2006, expressly

15  stated: "The failure to comply with this Order will result in a

16  Recommendation that this action be dismissed."  Thus, plaintiff had

17  adequate warning that dismissal would result from non-compliance

18  with the court's order.

19      Accordingly, the court HEREBY RECOMMENDS that this action be

20  DISMISSED based on plaintiff's failure to obey the court's order of

21  May 2, 2006.

22      These Findings and Recommendations are submitted to the United

23  States District Judge assigned to the case, pursuant to the

24  provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days**

25  after being served with these Findings and Recommendations,

26  plaintiff may file written objections with the court.  Such a

27  document should be captioned "Objections to Magistrate Judge's

28  Findings and Recommendations."  Plaintiff is advised that failure

3

to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 19, 2006**                          **/s/ Dennis L. Beck**
3c0hj8                                               UNITED STATES MAGISTRATE JUDGE

4